877 So.2d 554 (2004)
Melissa Doris FAVRE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01958-COA.
Court of Appeals of Mississippi.
July 13, 2004.
*555 Tom Sumrall, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Melissa Doris Favre was found guilty of aggravated assault by a Harrison County Circuit Court jury. Favre appeals arguing that the trial court improperly excluded evidence crucial in her presentation of her theory of the crime. We find the exclusion of the evidence was within the discretion of the trial judge. Consequently, we affirm.
¶ 2. Steven Favre was attacked in the middle of the night in the trailer in which he lived. His wife, Melissa Favre, was convicted of the assault. Favre claims that the trial judge incorrectly excluded evidence that was pertinent to her case. She sought to establish that a third person or persons came into the trailer and attacked her husband. She relies on the evidence concerning DNA and blood spatter experts that was admitted that did not rule out the presence of a third party on the night of her husband's attack. Favre sought to bolster this possibility by informing the jury that her husband was involved in the sale of drugs, therefore establishing someone else would have had a motive to attack him. The trial judge refused to allow this line of testimony and we agree that this was within his discretion.

DISCUSSION
¶ 3. Favre claims that, as a defendant, she should have been allowed to present her theory of what had happened to her husband. She claims that a third party must have entered the trailer and attacked her husband. She discovered him injured and sought help. Favre alleges that her husband was involved in the illegal drug business, which common knowledge confirms is a potentially violent occupation, and that someone else involved in that business may have been the person committing this crime. That is indeed a speculative possibility, but it would be simply one theory in the universe of possibilities of what happened to the victim. In order for evidence supporting this theory to be admitted, there must be some predicate. The trial judge heard the proposed testimony and found that it was inadmissible.
¶ 4. The defense made a proffer of evidence. There was evidence that the victim was known to sell cocaine and had previously been arrested for that offense. There was some information provided in the proffer that likely was inadmissible hearsay, but there was also evidence that may well have been admissible if only some relevance was shown.
¶ 5. No one testified to having seen someone else at the trailer. No evidence of previous incidents involving violence by anyone involved in the drug trade against the victim was offered. The fact that DNA from more than the victim and the defendant was found was not evidence that other DNA was left behind at the time of the assault by some unknown person. The expert witness who described the DNA testing discussed that a large number of samples were taken, and only some were from blood. The DNA could have been *556 left on surfaces and elsewhere in the trailer over an extended period of time and in many different ways. As the witness stated, since even skin cells and saliva contain DNA, a person "could deposit DNA just by touching something."
¶ 6. For evidence to be relevant, it must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." Hughes v. State, 735 So.2d 238, 270 (Miss.1999) (quoting Fisher v. State, 690 So.2d 268, 274 (Miss.1996) (citations omitted)). The decision at this trial that the evidence would have simply taken the jury into speculation as opposed to credible evidence of alternative theories of the crime was within the range of discretion afforded a trial judge.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.